Ward &c. vs. Northern Bank of Kentucky &c.          ORD. PET.

ERROR TO SCOTT CIRCUIT.                              Case 33,

If a note be made and signed by sureties, to enable the principal to
raise money of a bank, and made payable to a bank or order,
and not discounted, yet, if an individual advance the money
upon the note, the sureties will be bound to the holder of the
note for its payment.

Chief Justice HISE delivered the opinion of the court.          January 20.

T. F. Johnson and four other persons made their     Case stated.
joint and several promissory note, negotiable and
payable to the Northern Bank of Kentucky, or order,
at their banking house, in four months, for the sum
of $1,025. Johnson having possession of the note,
sold and delivered it to John Hall for $1,000, by
whom it was deposited in the bank to which it was
made payable, where it remained until after it had
matured—the bank having furnished to the makers of
the note, in the mean time, the usual notice of the
time when it would fall due. The obligors having
failed to make payment at the time and place where
the note, by its terms, was made payable, Hall, who
had advanced the money upon it, and to whom it be-
longed, took it from the bank, and for a valuable con-
sideration sold and assigned it to S. E. Broadwell, on
the third of May, 1851. Upon this note suit was in-
stituted by petition in the names of the Northern Bank
of Kentucky, as the payee of John Hall as the pur-
chaser of the note from T. F. Johnson, one of the
obligors, and of S. E. Broadwell as the holder by
purchase and assignment from Hall. This suit was
brought against the co-obligors of T. F. Johnson, to-
wit: Ward, Warren, Shepherd, and Barlow, who, it is
admitted, with a view to the presentation of the ques-
tion involved in this case, had signed the note as the
securities of Johnson, to give it credit, whereby to
enable him to raise the money upon it, by selling it
to the Northern Bank. Are the securities liable for

WARD, &c.
*vs.*
NORTHERN BANK
KENTUCKY, &c.

the money in this action or not? If they are liable, then of course the defendants demurrer to the plaintiffs petition was properly overruled, and the plaintiffs demurrer to the defendants first and second pleas, as well as to their amended plea, was properly sustained; for there is no conflict between the statement of fact, as contained in the petition, and as set forth in the pleas. It is true they (the pleas) affirm two matters of fact not stated in the petition, to-wit: that defendants were securities for Johnson, and that he had sold the note to Hall without authority from them—with this exception they are merely argumentative in their character.

It is the opinion of this court that Broadwell, as Hall's assignee, and as the holder and owner of this note, has a right to recover the money due upon it from the defendants. The main purpose for which they signed the note was to give it credit, and to enable Johnson to realize the money by its sale, and although the defendants doubtless expected that the money would be procured from the *Northern Bank of Kentucky*, to whom the note was made payable, this expectation was founded upon the idea that it was the proper business and interest of the bank to discount notes, and thus employ its capital; but it does not follow, that because it was expected or designed to have the paper discounted by the bank, that the authority to the principal was necessarily so restricted and limited as that it might not be purchased, and the money paid upon it by any individual who should give credit to the paper on account of the signatures to it. There is, in fact, no sufficient reason for supposing, that if it had been suggested by the principal, Johnson, that if the defendants would lend him their names to the paper, as his sureties, he could raise the amount of money required from John Hall, that the defendants would have objected to the insertion of the name of Hall, instead of the bank, as the payee in the note. To raise money was the *most* important object, and the bank was named as the payee

*If a note be made and signed by sureties, to enable the principal to raise money of a bank, and made payable to a bank or order, and not discounted, yet if an individual advance the money upon the note the sureties will be bound to the holder of the note for its payment.*

because it was supposed the money could be most readily and speedily procured from that quarter, and not because it could be considered a matter of controlling importance that the bank only should become the creditor in the transaction. It is contended, that as the bank had advanced nothing for the paper; that as it had suffered no loss, and as the obligors had received no benefit from that source, that the corporation could not maintain the action against the defendants, and they could not be held liable. It is very true that the bank could not recover upon this note, had she advanced nothing upon it, had it come into her possession fraudulently; and if the defendants or their principal, Johnson, had received nothing for the note at all from any source; but as a nominal payee, the bank might join with Hall and Broadwell, and sue and recover from the defendants this debt, for the use of Hall or his assignee, or for any other *bona fide* holder and owner of the claim, because Hall did what was intended to be effected by the execution of the paper, and what it may be conceded was expected to be done by the bank, to-wit: he advanced the money for the paper which the defendants put in circulation for that very purpose; and they now wish to escape responsibility altogether upon the untenable, if not unconscientious ground or rather pretext, that the bank did not advance them the money, although Hall did. They contend, that because the bank did not discount the note, or advance the money for it, she ought not and could not recover for her *own use* the debt in question, and that, therefore, neither in the name of the bank, or Hall, or his assignee, can there be a recovery had, although the defendants, on their credit, and through their principal, Johnson, received $1,000, of Hall's money for this note: In other words, they contend that the bank, although the payee in the note, cannot recover for her own use or that of another, because she did not herself advance the money upon the paper, although Hall did. That Hall cannot recover

WARD, &c.
vs.
NORTHERN BANK
KENTUCKY, &c.

because he is not the payee or legal holder of the note, and because they say they did not promise to pay him the debt, although he advanced the cash upon the paper because of the credit given to it by the signatures of defendants. That Broadwell cannot recover, although he gave Hall value received for the debt, because Hall, not being payee or vested with the legal title to the note, could not pass any right to Broadwell by his assignment. So that a case would, in this view, be made out of a wrong without a remedy, except such as Hall might be allowed to have against the insolvent principal, by an action for money paid by mistake of law to Johnson, or had and received by him for the use of Hall.

The defendants cannot escape responsibility upon such unsubstantial and flimsy pretext; they gave it credit, by signing their names to the paper, and put it in Johnson's possession to raise money upon it. It was intended for circulation, as is manifest from its face, being negotiable and payable to the bank or to order. It was within the knowledge of the defendants that the note was transferable by law, and that it was liable, by successive assignment, to pass through hundreds of hands. They knew that by making the note payable to the bank that they had not and could not have been secured thereby against subsequent transfers of the paper, or have prevented other persons, as assignees, from becoming their creditors. Then, as the cause of action is meritorious, this suit can well be maintained in the name of the bank and Hall, and Broadwell, for the use of said Broadwell, the existing owner of the debt. Without attempting to make a comparison of the case under consideration with that of *Conway et alias v. The Bank of the United States*, 6th *J. J. Marshall*, 129; if the facts of the cases are to be regarded as substantially similar, the opinion then rendered is not now approved, and has been, in fact, in respect to the main principle deduced by the reasoning of the court in that case, overturned by the subsequent opinion of

this court, delivered in the case of *Smith v. Moberly, &c.*, reported in 10 *B. Monroe*, 270.

Wherefore, the plaintiff's petition is adjudged to be sufficient, and the defendants pleas one and two, as also their amended plea, are adjudged insufficient, and the judgments of the circuit court, given upon the demurrers filed in the case, are affirmed.

After the re-argument of this case, and upon a careful examination of the authorities bearing upon the question involved, this court adheres to the former opinion. The decision rendered is fully sustained by the opinion of the Supreme Court of New York, delivered in the case of the *Utica Bank v. Garrison and others* and in the case of the *Bank of Rutland v. Buck, &c.*—the former reported in 10 *Wendell's Reports*, 314, and the latter in 5 *Wendell's Reports*, 66. These opinions, and cases therein cited, are referred to as furnishing ample authority, sustaining not only the conclusion of the court in this case, but the principles upon which that conclusion is predicated.

ROBINSON & JOHNSON for plaintiff's; DICKINSON & BUCKNER for defendants.